IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| TIMOTHY TABAODA, #04609-122, | CIVIL NO. 22-00125 LEK-RT |
| Plaintiff, | ORDER DISMISSING COMPLAINT WITH PARTIAL LEAVE GRANTED TO AMEND |
| vs. | |
| ESTELA DERR, *et al.*, | |
| Defendants. | |

## ORDER DISMISSING COMPLAINT WITH PARTIAL LEAVE GRANTED TO AMEND

Before the Court is a Prisoner Civil Rights Complaint ("Complaint"), ECF No. 1, filed by pro se Plaintiff Timothy Tabaoda ("Tabaoda") pursuant to *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971). Tabaoda alleges that two officials[1] at the Federal Detention Center in Honolulu, Hawaii ("FDC Honolulu") violated the Eighth Amendment's prohibition on cruel and unusual punishment by housing him in the special housing unit ("SHU") for nearly a month in early 2022. *Id.* at PageID # 5–6. For the following reasons, the

---

[1] Tabaoda names as Defendants Warden Estela Derr and Lieutenant Shawn Tabor in both their individual and official capacities. ECF No. 1 at 1–2. Although Tabaoda uses the spelling "Tabar" later in the Complaint, *see* ECF No. 1 at PageID # 5–6, the Court employs the spelling used in the caption and in the section naming the defendants, *see id.* at PageID # 1–2.

Complaint is DISMISSED for failure to state a claim for relief, albeit with partial leave granted to amend. *See* 28 U.S.C. § 1915A(a)–(b). If Tabaoda wants this action to proceed, he must file an amended pleading that cures the noted deficiencies in his claims on or before **May 30, 2022**. In the alternative, Tabaoda may voluntarily dismiss this action pursuant to Fed. R. Civ. P. 41(a)(1).

## I. <u>STATUTORY SCREENING</u>

Because Tabaoda is a prisoner seeking relief against a government official, the Court screens his Complaint pursuant to 28 U.S.C. § 1915A(a).[2] The Court must dismiss claims that are frivolous, malicious, fail to state a claim for relief, or seek damages from defendants who are immune from suit. *See* 28 U.S.C. § 1915A(b); *Byrd v. Phx. Police Dep't*, 885 F.3d 639, 641 (9th Cir. 2018).

Screening under 28 U.S.C. § 1915A(a) involves the same standard as that under Federal Rule of Civil Procedure 12(b)(6). *See Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012). Rule 12(b)(6) is read in conjunction with Rule 8(a). *Zixiang Li v. Kerry*, 710 F.3d 995, 998–99 (9th Cir. 2013). Under Rule 8, a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but a complaint must allege enough facts to provide both "fair

---

[2] Tabaoda paid the fees associated with this suit and is not proceeding in forma pauperis. *See* ECF No. 3.

notice" of the claim asserted and "the grounds upon which the claim rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 & n.3 (2007) (citation and quotation marks omitted); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (stating that Rule 8's pleading standard "demands more than an unadorned, the defendant unlawfully-harmed-me accusation"). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Iqbal*, 556 U.S. at 678. Moreover, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* Rule 8 "does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Id.* at 678–79.

Under Rule 12(b)(6), a complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Id.* at 678 (internal quotation marks omitted); *Wilhelm*, 680 F.3d at 1121. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Although this plausibility standard is not akin to a "probability requirement," it asks for "more than a sheer possibility that a defendant has acted unlawfully." *Id.* "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to

3

relief.'" *Id.* at 679.  Determining whether a complaint states a plausible claim for relief is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

Pro se litigants' pleadings must be liberally construed, and all doubts should be resolved in their favor. *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010).  In dismissing for failure to state a claim, "a district court should grant leave to amend . . . unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Yagman v. Garcetti*, 852 F.3d 859, 863 (9th Cir. 2017).

## II.  <u>TABAODA'S CLAIMS</u>[3]

Tabaoda alleges that Tabor issued him and "incident report" and moved him to the SHU on February 15, 2022.  ECF No. 1 at PageID # 5.  Tabor stated in the incident report stated that Tabaoda appeared to be "under the influence of an illicit substance."  *Id.*  Tabaoda consented to a urinalysis, and the test came back negative "within minutes."  *Id.*  "[N]early a month" later, the alleged violations identified in the incident report were dismissed.  *Id.*  Tabor later gave Tabaoda a "lesser incident report" that "carried no additional punishment."  *Id.* at PageID # 5–6.  According to Tabaoda, the lesser incident report affects his "security level and [jeopardizes] his 'camp' status."  *Id.* at PageID # 6.

---

[3] Tabaoda's factual allegations are accepted as true for purposes of screening.  *See Nordstrom v. Ryan*, 72 F.3d 903, 908 (9th Cir. 2014).

Tabaoda requests (1) $5,000; (2) an "Order of Protection against both Defendants preventing them from harassing or retaliating against the Plaintiff"; and (3) that "the Court order the Defendants to vacate the . . . incident report that was issued after the first incident report was dismissed." ECF No. 1 at PageID # 9.

## III.  DISCUSSION

### A.  Legal Framework for Bivens Claims

In *Bivens*, the Supreme Court "recognized for the first time an implied right of action for damages against federal officers alleged to have violated a citizen's constitutional rights." *Hernandez v. Mesa*, 137 S. Ct. 2003, 2006 (2017) (per curiam). *Bivens* involved a suit against individual federal agents who violated the Fourth Amendment's prohibition against unreasonable searches and seizures. 403 U.S. at 389–90. Since *Bivens*, the Supreme Court has expanded this implied cause of action twice. *See Davis v. Passman*, 442 U.S. 228 (1979) (suit under the Fifth Amendment's Due Process Clause for gender discrimination by a United States Congressman); *Carlson v. Green*, 446 U.S. 14 (1980) (suit under the Eighth Amendment's Cruel and Unusual Punishment Clause for failure to provide adequate medical treatment by federal prison officials). "These three cases— *Bivens*, *Davis*, and *Carlson*—represent the only instances in which the Court has approved of an implied damages remedy under the Constitution itself." *Ziglar v. Abbasi*, 137 S. Ct. 1843, 1855 (2017).

The Supreme Court "has made clear that expanding the *Bivens* remedy is now a 'disfavored' judicial activity." *Id.* at 1857 (quoting *Iqbal*, 556 U.S. at 675). "This is in accord with the Court's observation that it has 'consistently refused to extend *Bivens* to any new context or new category of defendants.'"[4] *Abbasi*, 137 S. Ct. at 1857 (quoting *Malesko*, 534 U.S. at 68). Indeed, the Court has suggested that "the analysis in [its] three *Bivens* cases might have been different if they were decided today." *Abbasi*, 137 S. Ct. at 1856.

In deciding whether a *Bivens* remedy is available, courts first consider whether providing such a remedy is precluded by prior cases in which the Supreme Court or the Ninth Circuit has declined to recognize an implied right of action. *Lanuza v. Love*, 899 F.3d 1019, 1025 (9th Cir. 2018). If a claim is precluded, that is the end of the matter. If a claim is not precluded, the court then applies a two-step test.

---

[4] The Court declined to create a *Bivens* remedy in the following cases: a First Amendment suit against a federal employer, *Bush v. Lucas*, 462 U.S. 367, 390 (1983); a race-discrimination suit against military officers, *Chappell v. Wallace*, 462 U.S. 296, 297 (1983); a substantive due process suit against military officers, *United States v. Stanley*, 483 U.S. 669, 671–72 (1987); a procedural due process suit against Social Security officials, *Schweiker v. Chilicky*, 487 U.S. 412, 414 (1988); a procedural due process suit against a federal agency for wrongful termination, *FDIC v. Meyer*, 510 U.S. 471, 473–74 (1994); an Eighth Amendment suit against a private prison operator, *Corr. Servs. Corp. v. Malesko*, 534 U.S. 61, 63 (2001); a due process suit against officials from the Bureau of Land Management, *Wilkie v. Robbins*, 551 U.S. 537, 547–548, 562 (2007); an Eighth Amendment suit against prison guards at a private prison, *Minneci v. Pollard*, 565 U.S. 118, 120 (2012); and a Fifth Amendment suit against Department of Justice officials, *Abbasi*, 137 S. Ct. at 1860–63.

At step one, the Court determines whether the plaintiff is seeking a *Bivens* remedy in a new context.  *Ioane v. Hodges*, 939 F.3d 945, 951 (9th Cir. 2018). The context is new "[i]f the case is different in a meaningful way from previous *Bivens* cases decided by [the Supreme Court]." *Abbasi*, 137 S. Ct. at 1859.  If the plaintiff is seeking a *Bivens* remedy in a new context, then the court proceeds to the second step.

At step two, the court may extend *Bivens* only if two conditions are met. "First, the plaintiff must not have any other adequate alternative remedy." *Ioane*, 939 F.3d at 951.  "Second, there cannot be any 'special factors' that lead [the court] to believe that Congress, instead of the courts, should be the one to authorize a suit for money damages." *Id.* at 951–52 (internal quotation marks omitted). Although the Supreme Court has yet to define the term, "special factors," it has explained that "the inquiry must concentrate on whether the Judiciary is well suited, absent congressional action or instruction, to consider and weigh the costs and benefits of allowing a damages action to proceed." *Abbasi*, 137 S. Ct. at 1857–58.

## B.  Official Capacity Claims

Tabaoda names Warden Derr and Tabor in both their individual and official capacities.  ECF No. 1 at 1 –2.

"[A] *Bivens* action can be maintained against a defendant in his or her individual capacity only, and not in his or her official capacity."  *Consejo de Desarrollo Economico de Mexicali, A.C. v. United States*, 482 F.3d 1157, 1173 (9th Cir. 2007) (internal quotation marks and citation omitted) (brackets in original).  "This is because a *Bivens* suit against a defendant in his or her official capacity would merely be another way of pleading an action against the United States, which would be barred by the doctrine of sovereign immunity."  *Id.*  Thus, "[t]here is no such animal as a *Bivens* suit against a public official tortfeasor in his or her official capacity."  *Solida v. McKelvey*, 820 F.3d 1090, 1094 (9th Cir. 2016) (quotation marks and citation omitted).

Any *Bivens* claims against Warden Derr and Tabor in their official capacities are therefore DISMISSED with prejudice.

## C.  Supervisory Liability

Tabaoda names as a Defendant Estela Derr—that is the warden at FDC Honolulu.  ECF No. 1 at 1.

"In the limited settings where *Bivens* does apply . . . Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of *respondeat superior*." *Iqbal*, 556 U.S. at 676. This is because "[t]he purpose of *Bivens* is to deter the *officer*." *Abbasi*, 137 S. Ct. at 1860 (quotation marks and citation omitted). "*Bivens* is not designed to hold officers responsible for acts of their subordinates." *Id.*

A *Bivens* claim must be "brought against the individual official for his or her own acts, not the acts of others." *Id.*; *see also Jones v. McFadden*, No. 1:09–cv–00957–DLB (PC), 2010 WL 2196849, at *3 (E.D. Cal. May 28, 2010) ("[W]hen a named defendant holds a supervisorial position, the causal link between him and the claimed constitutional violation must be specifically alleged."). Thus, to state a claim for relief under *Bivens* based on a theory of supervisory liability, the plaintiff must allege facts showing that supervisory defendants: (1) personally participated in the alleged deprivation of constitutional rights; (2) knew of the violations and failed to act to prevent them; or (3) promulgated or implemented a policy so deficient that the policy itself is a repudiation of constitutional rights and is the moving force of the constitutional violation. *Id.* (citing *Hansen v. Black*, 885 F.2d 642, 646 (9th Cir. 1989)).

Here, Tabaoda does not allege that Warden Derr personally participated in the alleged deprivation of his constitutional rights. Moreover, Tabaoda does not

9

allege that Warden Derr knew of the alleged violation and failed to act.  Finally,

Tabaoda does not allege that Warden Derr promulgated or implemented an

unconstitutional policy.  Indeed, Warden Derr is not even mentioned in the factual

allegations supporting Tabaoda's claim.  *See* ECF No. 1 at PageID # 5–6.  Any

allegation by Tabaoda that Warden Derr is liable purely because of the acts of

those under her supervision must be dismissed.  *See Fries v. Kernan*, Case No.

1:18-cv-00652-LJO-SKO (PC), 2018 WL 11260954, at *8 (E.D. Cal. Dec. 5,

2018) ("[A]ny allegation that supervisory personnel . . . somehow liable solely

based on the acts of those under his or her supervision, does not state a cognizable

claim.").

For any claims against Warden Derr to proceed, Tabaoda must plausibly

allege that Warden Derr violated Tabaoda's rights through her own actions.  *See*

*Chavez v. United States*, 683 F.3d 1102, 1109 (9th Cir. 2012) ("*Bivens* claims

cannot proceed on a theory of *respondeat superior*, but must instead plead that a

supervisor, by her 'own individual actions,' violated the Constitution." (citation

omitted)).

## D.  Eighth Amendment

Tabaoda alleges that Tabor violated the Eighth Amendment's prohibition on

cruel and unusual punishment by moving him to the SHU.  ECF No. 1 at PageID #

5–6.

The Supreme Court, however, has not explicitly recognized a Bivens remedy for an Eighth Amendment conditions of confinement claim.  *See Schwarz v. Meinberg*, 761 F. App'x 732, 734 (9th Cir. 2019) ("[Plaintiff's] Eighth Amendment claim regarding unsanitary cell conditions presents a new *Bivens* context because [plaintiff] does not allege a failure to treat a serious medical condition, which was the issue in *Carlson*."); *see also Salcedo v. United States*, Case No. 2:21-CV-4181-SB (SK), 2021 WL 5994498, at \*2 (C.D. Cal. Sept. 17, 2021) ("[T]he Supreme Court has never explicitly recognized a *Bivens* remedy for an Eighth Amendment conditions of confinement claim." (internal quotation marks and citation omitted)).

Even assuming the existence of a *Bivens* remedy, Taboada fails to state a plausible claim.  *See Hernandez*, 137 S. Ct. at 2007 ("[D]isposing of a *Bivens* claim by resolving the constitutional question, while assuming the existence of a *Bivens* remedy—is appropriate in many cases."); *Ansari v. Martinez*, 859 F. App'x 842, 842 (9th Cir. 2021) ("The district court properly dismissed [the plaintiff's] Eighth Amendment claims because, even if a *Bivens* remedy is available for these claims, [the plaintiff] failed to allege facts sufficient to state a plausible claim.").

The Eighth Amendment governs the treatment of convicted prisoners and forbids "cruel and unusual punishments."  U.S. Const. amend. VIII; *see Sandoval*

11

*v. County of San Diego*, 985 F.3d 657, 667 (9th Cir. 2021).  Although the Constitution "'does not mandate comfortable prisons,'" it does not "permit inhumane ones[.]"  *Farmer v. Brennan*, 511 U.S. 825, 832 (1994) (citation omitted).  Prison officials, therefore, may not use excessive physical force against prisoners, they "must ensure that inmates receive adequate food, clothing, shelter, and medical care, and [they] must 'take reasonable measures to guarantee the safety of the inmates[.]'"  *Id.* (citations omitted).

"An Eighth Amendment claim that a prison official has deprived inmates of humane conditions of confinement must meet two requirements, one objective and one subjective."  *Norbert v. County of San Francisco*, 10 F.4th 918, 927 (9th Cir. 2021) (quotation marks and citations omitted).  Under the objective requirement, "[b]ecause routine discomfort is part of the penalty that criminal offenders pay for their offenses against society, only those deprivations denying the minimal civilized measure of life's necessities are sufficiently grave to form the basis of an Eighth Amendment violation."  *Hudson v. McMillian*, 503 U.S. 1, 9 (1992) (quotation marks and citations omitted).  Thus, "extreme deprivations are required to make out a conditions-of-confinement claim."  *Id.*; *LeMaire v. Maass*, 12 F.3d 1444, 1456 (9th Cir. 1993).  The subjective requirement, relating to the prison official's state of mind, requires "deliberate indifference to inmate health or safety."  *Farmer*, 511 U.S. at 834 (quotation marks and citations omitted).  This is

a "high legal standard." *Toguchi v. Chung*, 391 F.3d 1051, 1060 (9th Cir. 2004). "[A] prison official may be held liable under the Eighth Amendment for denying humane conditions of confinement only if he knows that inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it." *Farmer*, 511 U.S. at 847.

Here, Tabaoda fails to say how being housed in the SHU deprived him of life's necessities. Indeed, Taboada does not say anything about the conditions he experienced in the SHU. Simply being moved to the SHU is not enough. *See Irvin v. Roldan*, Case No. CV 19-1418-AG (KK), 2019 WL 1746037, at *3 (C.D. Cal. Apr. 18, 2019) ("[A] term of 24 months in SHU, without more, does not constitute cruel and unusual punishment in violation of the Eighth Amendment."). Moreover, Taboada fails to say how Tabor was deliberately indifferent to his health and safety. Thus, even assuming a *Bivens* remedy exists, Taboada fails to state a colorable claim for relief.

## E.  First Amendment

Taboada marked a box to indicate that his claim involves retaliation.[5] *See* ECF No. 1 at PageID # 5.

---

[5] If Taboada chooses to file an amended pleading, he is reminded that he should check only one box for each count. *See* ECF No. 1 at PageID #5. If a claim involves more than one issue, each issue should be stated in a different count. Id.

13

The Supreme Court has not recognized a *Bivens* remedy for First Amendment claims. *Reichle v. Howards*, 566 U.S. 658, 663 n.4 (2012) ("We have never held that *Bivens* extends to First Amendment claims."). In addition, the Ninth Circuit has concluded that "special factors counsel against extending *Bivens*" to a prisoner's First Amendment retaliation claim. *See Buenrostro v. Fajardo*, 770 F. App'x 807, 808 (9th Cir. 2019). In reaching this conclusion, the Ninth Circuit explained that "Congress has addressed the question of prisoners' remedies in the Prison Litigation Reform Act of 1995," and "an alternative remedial structure exists, including through the Bureau of Prisons administrative grievance process." *Id.*

Thus, courts "have uniformly declined to imply a *Bivens* remedy for First Amendment retaliation claims by federal prisoners." *Prescott v. United States*, Case No. 2:20-cv-2740-SB (SK), 2022 WL 1051081, at *4 (C.D. Cal. Mar. 7, 2022), *report and recommendation adopted*, No. 2:20-cv-02740SBSK, 2022 WL 1051082 (C.D. Cal. Apr. 6, 2022); *see also Hirano v. Sand Island Treatment Ctr.*, Civil No. 20-00473 DKW-WRP, 2021 WL 243437, at *7–8 (D. Haw. Jan. 25, 2021) ("[T]he Supreme Court has not recognized a *Bivens* remedy for First Amendment claims, and the Ninth Circuit has said that such a remedy is not available for a federal prisoner's retaliation claim against federal defendants."); *Free v. Peikar*, Case No. 1:17-cv-00159-AWI-MJS (PC), 2018 WL 1569030 (E.D.

14

Cal. Mar. 30, 2018) ("Nationwide, district courts seem to be in agreement that, post-*Abbasi*, prisoners have no right to bring a *Bivens* action for violation of the First Amendment.").

Even if a *Bivens* were available for a First Amendment retaliation claim, Taboada fails to state a plausible claim.  "Within the prison context, a viable claim of First Amendment retaliation entails five basic elements:  (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." *Rhodes v. Robinson*, 408 F.3d 559, 567–68 (9th Cir. 2005).  Taboada does not allege that he was engaged in protected conduct.  Nor does he allege that Tabor wrote either the "incident report" or the "lesser incident report" because of that conduct.  It is unclear how the "retaliation and harassment of [Taboada's] co-defendant, cell-mate and friend Jacob Smith" relates to Taboada's claim, if it does at all.  Finally, Taboada does not allege that Tabor's conduct chilled his First Amendment rights.

## F.  Fifth Amendment

Taboada also marked a box to indicate that his claim involves disciplinary proceedings.  *See* ECF No. 1 at PageID # 5.

These claims also appear to present a new *Bivens* context.  *See Vega v. United States*, 881 F.3d 1146 (9th Cir. 2018) ("[B]ecause neither the Supreme Court nor we have expanded *Bivens* in the context of a prisoner's . . . Fifth Amendment procedural due process claims arising out of a prison disciplinary process, the circumstances of Vega's case . . . plainly present a 'new context' under *Abbasi*."); *see also Brown v. Matevousian*, Case No. 1:20-cv-00204-NONE-SAB (PC), 2021 WL 1210002, at *9 (E.D. Cal. Mar. 31, 2021) ("The Supreme Court has never extended *Bivens* in the context of a prisoner's due process claim arising out of a prison disciplinary proceeding."), *report and recommendation adopted*, Case No. 1:20-cv-00204-NONE-SAB (PC), 2021 WL 3674620 (E.D. Cal. Aug. 19, 2021).

In *Vega*, the Ninth Circuit explained that the plaintiff "had a remedy 'to seek formal review of an issue relating to *any* aspect of his . . .  own confinement' under the Administrative Remedy Program."  881 F.3d at 1154 (quoting 28 C.F.R. § 542.10(a)) (emphasis added).  The Ninth Circuit further noted that the plaintiff "could have sought the assistance of counsel, § 542.16(a), appealed any adverse findings to the Regional Director, § 542.15(a), and then to the FBOP's General Counsel, *id.*"  *Vega*, 881 F.3d at 1154.  "In light of the available alternative remedies, [the court] decline[d] to expand *Bivens* in this context."  *Id.* at 1155.

16

Given this, Taboada cannot state a colorable *Bivens* claim for damages based on an alleged denial of procedural due process during his disciplinary proceedings. *See Williams*, 2018 WL 5258614, at *6 ("[Plaintiff] cannot state a colorable *Bivens* claim for damages regarding the alleged denial of procedural due process at his disciplinary hearings."); *Chambers v. Herrera*, No. 5:17-cv-2564-MWF-KES, 2019 WL 4391135, at *7 (C.D. Cal. July 9, 2019) ("Following *Abbasi*, courts have not expanded *Bivens* to claims that BOP staff failed to provide due process during prison disciplinary proceedings."), *report and recommendation adopted*, No. 5:17-cv-02564-MWF-KES, 2019 WL 5413883 (C.D. Cal. Aug. 29, 2019).

## F.  Injunctive Relief Under *Bivens*

In his request for relief, Taboada asks for (1) $5,000; (2) an "Order of Protection against both Defendants preventing them from harassing or retaliating against the Plaintiff"; and (3) that "the Court order the Defendants to vacate the . . . incident report that was issued after the first incident report was dismissed."  ECF No. 1 at PageID # 9.

"*Bivens* does not encompass injunctive and declaratory relief where . . . the equitable relief sought requires official government action."  *Solida*, 820 F.3d at 1093; *see Higazy v. Templeton*, 505 F.3d 161 (2d Cir. 2007) ("The only remedy available in a *Bivens* action is an award for monetary damages from defendants in

their individual capacities."). Thus, Tabaoda's requests for injunctive relief are not available under *Bivens*.[6]

## IV. <u>LEAVE TO AMEND</u>

Tabaoda's Complaint is DISMISSED with partial leave granted to amend. If Tabaoda wants this action to proceed, he must file an amended pleading on or before **May 30, 2022**. Tabaoda may not expand his claims beyond those already alleged herein or add new claims, without explaining how those new claims relate to the claims alleged in the Complaint. Claims that do not properly relate to those in the Complaint are subject to dismissal.

Any amended complaint must comply with the Federal Rules of Civil Procedure and the Local Rules for the District of Hawaii. *See Ramirez v. Cnty. of San Bernardino*, 806 F.3d 1002, 1008 (9th Cir. 2015). Local Rule 10.4 requires that an amended complaint be complete in itself, without reference to any prior pleading. An amended complaint generally supersedes a prior complaint, and it must also be short and plain, in compliance with Rule 8. Defendants not renamed

---

[6] Injunctive and declaratory relief may be available outside of *Bivens*. *See Zavala v. Rios*, 721 F. App'x 720, 721–22 (9th Cir. 2018); *see also Malesko*, 534 U.S. at 74 ("[U]nlike the *Bivens* remedy, which we have never considered a proper vehicle for altering an entity's policy, injunctive relief has long been recognized as the proper means for preventing entities from acting unconstitutionally.").

and claims not realleged in an amended complaint may be deemed voluntarily dismissed.  *See Lacey v. Maricopa Cnty.*, 693 F.3d 896, 928 (9th Cir. 2012).

Any amended pleading may not incorporate any part of the original Complaint by reference, but rather, any specific allegations must be retyped or rewritten in their entirety.  Any cause of action that is not raised in the amended pleading is waived.  *See id*.  Failure to file an amended complaint by **May 30, 2022** will result in automatic dismissal of this action.

## V. 28 U.S.C. § 1915(g)

If Tabaoda fails to file an amended complaint or is unable to amend his claims to cure their deficiencies, this dismissal may count as a "strike" under 28 U.S.C. § 1915(g).  Under this "3-strikes" provision, a prisoner may not bring a civil action or appeal a civil judgment in forma pauperis,

> if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

## VI.  <u>CONCLUSION</u>

(1)  The Complaint is DISMISSED for failure to state a claim pursuant to 28 U.S.C. § 1915A(b)(1), with partial leave granted to amend.

(2)  If Tabaoda wants this action to proceed, he must file an amended pleading that cures the noted deficiencies on or before **May 30, 2022**.

(3)  Failure to timely file an amended pleading will result in AUTOMATIC DISMISSAL of this suit without further notice.

(4)  ALTERNATIVELY, Tabaoda may voluntarily dismiss this action pursuant to Fed. R. Civ. P. 41(a)(1).  Such a dismissal will not count as a "strike" under 28 U.S.C. § 1915(g).

(5)  The Clerk is DIRECTED to send Tabaoda a blank prisoner civil rights complaint form so that he can comply with this order if he elects to file an amended pleading.

IT IS SO ORDERED.

DATED:  Honolulu, Hawaii, April 29, 2022.



/s/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States District Judge

**TIMOTHY TABAODA VS. ESTELA DERR, ET AL.; CV 22-00125 LEK-RT; ORDER DISMSSING COMPLAINT WITH PARTIAL LEAVE GRANTED TO AMEND**